FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
OCT 20 2006
OFFICE OF THE CLERK

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

```
***************************
DAVID DOYLE, et al.,          *
                              *
              Plaintiffs,     *
                              *   Case No. 8:2006cv00412 JFB-TDT
         vs.                  *
                              *
ELI LILLY & CO.,              *
                              *
              Defendant.      *
                              *
***************************
```

## STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

The Court, upon good cause shown and the stipulation of the parties, ORDERS as follows:

1. Any party producing documents may produce original documents or legible copies of the documents.

2. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no stamped confidential document may be disclosed to any person.

    a. A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner): "CONFIDENTIAL — THIS DOCUMENT IS SUBJECT TO RESTRICTION BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA," to signify that it contains information believed to contain confidential information. The legend shall be affixed to each page of material to be designated, but shall not obscure any part of the text. For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether

       produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

    b.    To the extent that any party has heretofore marked certain documents as confidential material, it will not be required to re-mark the same with the full legend set out in (a), above.

3. Certain confidential material, duly stamped as such, may be masked from documents produced as follows:

    a.    Trade secret and confidential commercial information;

    b.    The following information contained in adverse reaction reports, product experience reports, consumer complaints and other similar data:

        (1)    Names and any information that would identify the person using the product;

        (2)    Names and any information that would identify any third party involved with the report, including, but not limited to, a physician or hospital or other institution;

    c.    Manufacturing methods or processes, including quality control procedures;

    d.    Production sales distribution, and similar data and information; and

    e.    Quantitative or semiquantitative formulas.

4. Notwithstanding paragraph 2, stamped confidential documents may be disclosed to counsel of record for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and

employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; to the Food and Drug Administration or any other state or federal government agency as required by law or regulation; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of sub-paragraph (c), such documents may also be disclosed:

    a. To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    b. To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of counsel involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has executed the Confidentiality Agreement attached hereto as **Exhibit A**, and has agreed to be bound by the terms of this Order concerning receipt and disclosure of items designated under this Order.

    c. Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a customer or competitor (or an employee of either) of the party that so designated the document, the party wishing to make such disclosure shall give at least 10 days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be

134046v1

disclosed, and stating the purposes of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion.

    (1)    As used in this paragraph, the term "customer" means any direct purchaser of products from Lilly, or any regular indirect purchaser of Lilly's products (such as a pharmacy generally purchasing through wholesale houses).

    (2)    The term "competitor" means any manufacturer or seller of drugs.

5. Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including, but not limited to, business, governmental, commercial, or administrative or judicial proceedings.

6. A party may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To establish confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

7. A deponent may during the deposition be shown, and examined about, stamped confidential documents if: (1) the deponent already knows the confidential information contained therein; (2) the deponent has signed the confidentiality agreement as prescribed by paragraph 4(b) of this order; or (3) the provisions of paragraph 4(c) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the

134046v1

Confidentiality Agreement prescribed in paragraph 4(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents. While a deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under this Order shall be excluded from being present.

Parties (and deponents) may, within 15 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "**Confidential — Subject to the protection pursuant to Court Order.**" Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be kept under seal separate from the portions and exhibits not so marked, and all copies of those portions and exhibits shall be treated as confidential pursuant to the terms of this Order.

8.    Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial. This provision shall not require a party to provide five

days' notice of any document to be used for impeachment purposes as defined by NECivR 16.2 but not offered into evidence.

9. Stamped confidential documents need not be filed with the Clerk except when required in connection with motions or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential documents.

10. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 4(b) and 4(c).

11. The provisions of this Order shall not terminate at the conclusion of this litigation. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of the United States District Court for the District of Nebraska, for the purposes of enforcement of the confidentiality terms of this Order, in perpetuity. Within 30 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of such party or person (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 60 days after final conclusion of this litigation. For purposes of this Order, final conclusion shall be taken and construed as the date fifteen (15) days following the filing of a stipulated dismissal, or the entry of a voluntary dismissal or final, non-appealable orders disposing of this case.

12. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

13. The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of stamped confidential documents, including abstracts and summaries thereof. No duplications of stamped confidential documents shall be made except by counsel to provide working copies and for filing in Court under seal.

14. Any violation of this Order shall constitute a contempt of court, and be punishable as such, and shall subject the offending party to such additional and further remedies as may be available to the aggrieved party.

APPROVED AND SO ORDERED

DATED this 20th day of October, 2006.

_____

134046v1

_/s/ Robert M. Slovek_
Robert M. Slovek
Heather H. Anschutz
Jeremy T. Fitzpatrick
KUTAK, ROCK LAW FIRM
1650 Farnam Street
Omaha, NE 68102-2186
(402) 346-6000

**ATTORNEYS FOR PLAINTIFFS**

_/s/ Charles F. Gotch_
Charles F. Gotch
Michael K. Huffer
CASSEM, TIERNEY, ADAMS,
GOTCH & DOUGLAS
8805 Indian Hills Dr., Ste. 300,
Omaha, NE 68114-4070
(402) 390-0300

and

Michelle R. Mangrum
Emily J. Laird
SHOOK, HARDY & BACON, L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005
Tel: (202) 783-8400
Fax: (202) 783-4211

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

134046v1

## EXHIBIT A

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID DOYLE, *et al.*, | |
| Plaintiffs, | |
| vs. | Case No. 8:2006cv00412 JFB-TDT |
| ELI LILLY & CO., | |
| Defendant. | |

I, _____, do hereby acknowledge that I have received a copy of the "PROTECTIVE ORDER OF CONFIDENTIALITY" (the "Order") that was entered in the above-referenced case, with respect to the manner in which confidential discovery information disclosed or made available in the course of the above-referenced proceeding is to be treated by me.

I state that: (1) I have read and understand the Order and I hereby represent, warrant and agree that I will abide by the Order; (2) I will not use or disclose the information or documents disclosed to me in connection with the above-referenced proceeding other than in connection with the prosecution or defense of the above-referenced proceeding; (3) upon the final resolution of the above-referenced proceeding, I will destroy or return all such information and documents to the person or persons from whom I have received them; and (4) I consent to personal jurisdiction in the United States District Court for the District of Nebraska in the event any party or other person seeks to enforce any claim that I have failed to abide by the terms of the Order.

134046v1

_____

SUBSCRIBED and SWORN to before me
this _____ day of _____, 2006.


_____
Notary Public

134046v1