IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID DOYLE and MICHAELA DOYLE, individually and as next of kin and personal representatives of deceased minor SEAN DOYLE and as next of friend and guardian of minors MICHAEL DOYLE, HANNAH DOYLE and MOLLY DOYLE , as next of kin of deceased minor SEAN DOYLE, CHRISTIAN DOYLE, individually and as next of kin of deceased minor SEAN DOYLE, and MEGHAN DOYLE, individually and as next of kin of deceased minor SEAN DOYLE, <br><br>  Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br>  Defendant. | 8:06CV412 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on defendant's Motion for Judgment on the Pleadings (Filing No. 69) asserting that Claim for Relief VII, the wrongful death/loss of consortium claims of plaintiffs Michael Doyle, Hannah Doyle, Molly Doyle, Christian Doyle and Meghan Doyle, be dismissed because these claims have no basis under Nebraska law where they are the siblings of the deceased and where the deceased is also survived by his parents.

This action arises out of the death of Sean Doyle ("Sean"), a nine-year old boy.  Sean is survived by his parents David and Michaela Doyle and his siblings, Michael Doyle, Hannah Doyle, Molly Doyle, Christian Doyle and Meghan Doyle.

In considering a motion for judgment on the pleadings, under Fed. R. Civ. P. 12(c), courts construe the pleadings in the light most favorable to the nonmoving party and view the facts alleged in the complaint as true. *See Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. 1994). Courts must also draw all reasonable inferences in the nonmoving party's favor. *See United*

*States v. Stoltz*, 327 F.3d 671, 674 (8th Cir. 2003). A claim should be dismissed only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996). Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *See Faibisch v. University of Minnesota*, 304 F.3d 797, 802 (8th Cir. 2002).

The right to maintain an action for wrongful death did not exist under the common law and exists in Nebraska solely by statute. *Smith v. Columbus Community Hosp.*, 222 Neb. 776, 387 N.W.2d 490 (1986). A wrongful death cause of action is authorized by Neb. Rev. Stat. § 30-809. The damages that may be recovered and who they may be recovered by are defined by Neb. Rev. Stat. § 30-810. Section 30-810 provides that a wrongful death action shall be brought by the personal representative "for the exclusive benefit of the widow or widower and next of kin" and that the avails of a judgment in a wrongful death action "shall be paid to and distributed among the widow or widower and next of kin in the proportion that the pecuniary loss suffered by each bears to the total pecuniary loss suffered by all such persons."

The Nebraska Supreme Court has construed the phrase "next of kin" as used in § 30-810 "to mean persons nearest in degree of blood surviving, or, in other words, those persons who take the personal estate of the deceased under the statutes of distribution." *Paulk v. Cent. Laboratory Assoc.*, 262 Neb. 838, 851, 636 N.W.2d 170, 180 (2001) (*citing Mabe v. Gross*, 167 Neb. 593, 94 N.W.2d 12 (1959)).

The Nebraska statutes of distribution specify that a portion of the deceased's estate can only pass to the deceased's siblings "if there is no surviving issue or parent." Neb. Rev. Stat. § 30-2302. If there is no surviving issue or parent, then the estate can pass "to the issue

of the parents." *Id*. Here, Sean is survived by his parents David and Michaela Doyle.[1] Thus, Sean's parents are his "next of kin" for purposes of § 30-810 because they would take the personal estate under § 30-2302. Therefore, under Nebraska law, Sean's siblings are not his next of kin and cannot benefit from a wrongful death action based upon Sean's death.

"As the statutory scheme exists in Nebraska, the wrongful death statutes control who can bring a wrongful death action." *Branson v. Daimlerchrysler Corp.*, 2002 U.S. Dist. LEXIS 7296, at *6 (D. Neb. 2002). In *Branson*, I noted that "[t]he Nebraska Supreme Court recently stated that it is up to the legislature to determine if the class of persons allowed to recover under the next of kin statute should be expanded." *Id. (citing Paulk*, 262 Neb. at 852, 636 N.W.2d at 181). Accordingly,

IT IS ORDERED:

1. Defendant's Motion for Judgment on the Pleadings (Filing No. 69), is granted.

2. Plaintiffs Michael Doyle, Hannah Doyle, Molly Doyle, Christian Doyle and Meghan Doyle's wrongful death/loss of consortium claim is dismissed.

3. Plaintiffs' wrongful death/loss of consortium claim remains on behalf of David Doyle and Michaela Doyle, the next of kin of Sean Doyle.

DATED this 13th day of August, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge

---

[1] *See* Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings, Filing No. 75, p. 3 ("Specifically, Sean's parent's David and Michaela Doyle . . . .").