### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID DOYLE, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:06CV412 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **ELI LILLY & COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiffs' Motion for Leave to Amend Complaint (Filing No. 109). The plaintiffs filed a brief (Filing No. 113) a reply brief (Filing No. 117) and a draft of the Second Amended Complaint (attached to motion) in support of the motion. The defendant filed a brief (Filing No. 114) in opposition to the plaintiffs' motion.

### BACKGROUND

This case arises from the June 2, 2004 suicide of 9-year old Sean Doyle, the son or brother of the plaintiffs. **See** Filing No. 18 - Amended Complaint. The plaintiffs allege Sean Doyle hanged himself as a result of taking Strattera. *Id.* ¶ 1. Sean Doyle began taking the drug Strattera for Attention Deficit Hyperactivity Disorder in February 2004. *Id.* The plaintiffs' allege the defendant, who formulated, manufactured and marketed Strattera, knew or should have known that the use of Strattera could cause suicidal ideation and suicide in a percentage of users, prior to Starttera's approval for use by the Food and Drug Administration (FDA). *Id.* ¶¶ 12-13. However, the plaintiffs' allege the defendant failed to disclose such information to the FDA, physicians consumers or the general public prior to September 29, 2005. *Id.* ¶ 14. On August 14, 2007, the court granted the defendant's motion for judgment on the pleadings and dismissed the decedent's siblings' loss of consortium claims. **See** Filing No. 101.

The plaintiffs now seek to amend the complaint to add a claim for deceptive trade practices under the Nebraska Consumer Protection Act (CPA), Neb. Rev. Stat. § 59-1601

*et seq.* The plaintiffs state that while the claim arises out of the same facts which form the basis of the original claims, the plaintiffs have become aware of additional facts, and through the participation of expert witnesses, have determined the CPA claim is warranted. **See** Filing No. 113. The defendant asserts the addition of the new CPA claim is untimely and futile. Specifically, the defendant argues the plaintiffs lack standing under the CPA, the conduct at issue is exempt from liability under the CPA, and the conduct at issue is not of the type governed by the CPA.

## ANALYSIS

Under Federal Rule of Civil Procedure 15(a), a court should grant leave to amend freely "when justice so requires." "However, denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." ***U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.***, 441 F.3d 552, 557 (8th Cir. 2006) (internal citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be prejudicial. **See *Sokolski v. Trans Union Corp.***, 178 F.R.D. 393, 396 (E.D.N.Y. 1998). There is no absolute right to amend. ***Doe v. Cassel***, 403 F.3d 986, 990 (8th Cir. 2005). Whether to grant a motion for leave to amend is within the sound discretion of the district court. ***Gamma-10 Plastics, Inc. v. Am. President Lines***, 32 F.3d 1244, 1255 (8th Cir. 1994).

The plaintiffs' motion to amend is outside the deadline initially imposed by the court by over one year. **See** Filing No. 17. However, the plaintiffs provide good cause for the timing of the motion. The defendant does not argue the plaintiffs' proposed amendment would be unduly prejudicial or cause delay. In any event, the parties have already agreed to extensions of various deadlines, including the deadline for filing motions for summary judgment which is March 31, 2008. **See** Filing No. 107. Trial which is currently scheduled for June 16, 2008. **See** Filing No. 66.

The defendant contends the plaintiffs' proposed amendment would be futile. Leave to amend "may be denied if an amendment would be futile." ***Stricker v. Union Planters Bank, N.A.***, 436 F.3d 875, 878 (8th Cir. 2006). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." ***Gamma-10***

***Plastics***, 32 F.3d at (quotations and citations omitted).  Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face."  ***Becker v. Univ. of Neb.***, 191 F.3d 904, 908 (8th Cir. 1999); ***Sokolski v. Trans Union Corp.***, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted).  "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile."  ***Sokolski***, 178 F.R.D. at 396 (citations omitted).  The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15--to facilitate decision on the merits rather than on the pleadings or technicalities."  ***Sharper Image Corp. v. Target Corp.***, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) (internal citation omitted); **see *Monahan v. New York City Dep't of Corr.***, 214 F.3d 275, 283 (2d Cir. 2000).  "[I]f the alleged futility is based on factual issues which are in dispute, leave to amend should not be denied."  ***Santiago v. Steinhart***, 1993 WL 410402 *1, 2 (S.D.N.Y. 1993).

The parties each provided lengthy and legally supported arguments for their positions on the merits of the CPA claim.  The parties each have arguable positions on the issue, the likelihood of success on a claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous.  ***Gamma-10 Plastics***, 32 F.3d at 1256.  While the plaintiffs may or may not prevail on this issue, the issue should be determined on the merits rather than as part of a motion to amend.  Accordingly, the defendant fails to meet its burden of showing it would be legally futile to allow the plaintiffs to amend the complaint to include the claim based on the CPA.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion for Leave to Amend Complaint (Filing No. 109) is granted.

2. The plaintiffs shall have to **on or before January 31, 2008**, to file the Second Amended Complaint, without the loss of consortium claims previously dismissed.

DATED this 24th day of January, 2008.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge